IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2005

## STATE OF TENNESSEE v. JEREMIAH E. HAYES

**Appeal from the Circuit Court for Rhea County**
**No. 16159      J. Curtis Smith, Judge**

---

**No. E2005-00196-CCA-R9-CD - Filed August 22, 2005**

---

The State has appealed to this Court pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure from an interlocutory order of the trial court suppressing evidence resulting from a search and seizure.  The question presented for our review is whether the defendant had standing to contest the search of an outbuilding located on property near his premises.  Upon review of the record, we affirm the trial court's findings that the defendant had a reasonable expectation of privacy in the outbuilding but not in the area surrounding the outbuilding.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

J.C. MⅭLɪɴ, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Howard Laxon Upchurch, Pikeville, Tennessee, for the appellee, Jeremiah E. Hayes.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; J. Michael Taylor, District Attorney General; and James W. Pope, III, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

### Facts and Procedural History

On July 6, 2003, Deputy Sheriff Dean Cranfield of the Rhea County Sheriff's Department obtained a warrant to search the mobile home "along with any outbuildings, outside containers, garages, camper trailers or vehicles *on the said premises*" of the defendant, Jeremiah E. Hayes.  The affidavit supporting the warrant request stated that a "confidential informant saw a large amount of marijuana inside the residence . . . [and saw the defendant] exchange marijuana for u.s. currency."

Executing the warrant, Deputy Cranfield and other officers searched the defendant's mobile home.  The officers then proceeded to an outbuilding located on an adjacent property approximately

fifty feet from the boundary of the defendant's lot. Inside the outbuilding, officers found six bags of marijuana, drying marijuana plants, two sets of scales, rolling papers, a glass pipe, and a cigarette roller. Forty-two marijuana plants were discovered growing beside the outbuilding.

After the defendant was indicted for manufacture of marijuana, possession of marijuana with the intent to sell or deliver, and possession of drug paraphernalia, he moved to suppress the evidence. He argued that the search warrant did not extend to the outbuilding and therefore the evidence was unlawfully seized. The State asserted that the defendant did not have a reasonable expectation of privacy in the outbuilding and thus lacked standing to maintain his argument.

At the suppression hearing, the defendant testified that the outbuilding was located "approximately 50 foot" from his trailer, through some trees, and on property owned by John Dunstan. The defendant stated that he and his family had been renting the outbuilding from Dunstan for forty dollars per month for approximately one year. The defendant testified that he kept a padlock on the outbuilding and had the only two keys, one he kept with him and one he kept inside his mobile home. He stated that members of his family "had access" to the outbuilding only after they first would come into his trailer and retrieve the key. The defendant stated that, when he arrived home on July 6, 2003, Sheriff Mike Neal was "beating the lock off the [outbuilding]." The defendant testified that, when he asked Sheriff Neal and other officers to leave, Sheriff Neal responded, "if you [don't] like it, fight it in court."

On cross-examination, the defendant stated that his lease of the outbuilding was a verbal agreement, not a written contract. He denied owning the evidence found in the outbuilding, admitting only to keeping "one or two saws" in the outbuilding. The defendant admitted that Dunstan could access the outbuilding, stating, "He didn't have a key, but yes, he could."

In its memorandum opinion and order, the trial court stated:

> In reviewing the applicable factors, this court concludes that defendant has established a reasonable expectation of privacy in the outbuilding. Defendant had no actual ownership in the property searched nor did he claim a possessory interest in the items seized and this weighs against standing. However, defendant had a possessory interest in the building as he and other family members rented it for storage. He took normal precautions to maintain his privacy in the contents of the building by placing a lock on the building. The facts establish defendant subjectively expected the building would remain free from governmental invasion. These facts weigh in favor of standing.
>
> While the defendant has established a legitimate expectation of privacy in the building, he failed to do so as to the marijuana plants growing outside the building. An analysis of the foregoing seven factors reveal that none of the factors weigh in defendant's favor as to the marijuana plants. Defendant rented the building, not the real estate surrounding the building, thus he had no possessory interest. He claimed

no possessory interest in the plants. He had no right to exclude others from the area around the building, took no precautions to maintain privacy in the area around the building and expressed no subjective expectation that the area around the building would be free from governmental intrusion.

Following entry of this order, the State sought and was granted permission to file an interlocutory appeal for review of the trial court's findings regarding the defendant's standing and expectation of privacy.

**Analysis**

One who challenges the reasonableness of a search or seizure has the initial burden of establishing standing and a legitimate expectation of privacy in the place or property which is searched. Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980). In determining whether one had a legitimate expectation of privacy, this Court considers the seven factors listed in United States v. Haydel, 649 F.2d 1152, 1154-55 (5th Cir. 1981): (1) property ownership; (2) whether the defendant has a possessory interest in the thing seized; (3) whether the defendant has a possessory interest in the place searched; (4) whether he has a right to exclude others from that place; (5) whether he has exhibited a subjective expectation that the place would remain free from governmental invasion; (6) whether he took normal precautions to maintain his privacy; and (7) whether he was legitimately on the premises. State v. Oody, 823 S.W.2d 554, 560 (Tenn. Crim. App. 1991). This Court has also recognized that an ownership interest in the property searched is not a prerequisite to establishing a legitimate expectation of privacy because an individual may possess a legitimate expectation of privacy in another person's residence. State v. Turnbill, 640 S.W.2d 40, 45 (Tenn. Crim. App. 1982).

The trial court examined the factors stated in Oody and thoroughly set out its findings that the defendant carried his burden to establish a reasonable expectation of privacy in the outbuilding but not in the area surrounding the outbuilding. A trial court's findings of fact in a suppression hearing will be upheld unless the evidence preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." Id. The application of law to the facts found by the trial court, however, is a question of law which this Court will review *de novo*. State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997).

Applying the factors listed in Oody to this case, we conclude that the trial court did not err in finding that the defendant maintained standing and a reasonable expectation of privacy in the outbuilding. The State has relied upon one decision, State v. William D. Ware and Virginia Ware, No. 01C01-9803-CC-00129, 1999 WL 378341 (Tenn. Crim. App., at Nashville, June 11, 1999) to argue that the defendant in this case did not have a reasonable expectation of privacy in the outbuilding. However, the facts bearing upon the Ware defendants' expectation of privacy are distinguishable.

Contrary to the facts of this case, the defendants in <u>Ware</u> had a mere verbal agreement of permission to use a neighboring building in return for "keeping the building in repair" and "did not have a lease." <u>Id.</u> at *7. In the present case, the defendant and his family had entered into a verbal lease, paying forty dollars per month for the use of the outbuilding. In <u>Ware</u>, this Court stated:

> most importantly, there is no indication in the record that [the defendants] had the right to exclude others . . . . [T]he record indicates that [the owner] had a key to the building and nothing indicates that he could not have used the building anytime he was in the area. Further, there is nothing in the record to indicate that [the owner] could not have given his key to any number of people and also permitted them to use the building for storage.

<u>Id.</u> In contrast, the defendant in the present case maintained the only two keys to the outbuilding. Though the defendant stated that other family members and even the owner could access the outbuilding, he testified that they would first have to retrieve the key from his possession.

Applying the <u>Oody</u> factors to the facts of this case, we determine that the defendant had a property interest evidenced by his oral lease agreement. By maintaining the only two keys to the outbuilding, the defendant had a right to exclude others from the outbuilding. Obviously, the defendant exhibited a subjective expectation that the outbuilding would remain free from governmental intrusion and took normal precautions to maintain his privacy by keeping a lock on the outbuilding. Furthermore, because he leased the outbuilding, he was legitimately on the premises. It is true that he did not own the outbuilding and that he denied having an interest in the items seized; however, the remaining factors establish a reasonable expectation of privacy in the outbuilding. Consequently, the issue is without merit.

In regard to the area surrounding the outbuilding, we determine that the defendant did not maintain a reasonable expectation of privacy. In this case, the defendant's lease interest extended only to use of the outbuilding. Thus, the defendant had no possessory interest in the surrounding property. The defendant denied a possessory interest in the evidence seized from the area. By not having an interest in the property, the defendant had no right to exclude others from the area. Furthermore, he took no precautions to maintain his privacy in the area. Leaving forty-two marijuana plants in an unenclosed area does not support a reasonable expectation that the area would remain free from governmental intrusion. This issue is also without merit.

**Conclusion**

Accordingly, we affirm the trial court's findings that the defendant had a reasonable expectation of privacy in the outbuilding but not in the surrounding area.

_____
J.C. McLIN, JUDGE